
**FILED**
**JULY 7, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SYLVESTER EUGENE WILLIAMS, PRO SE, § <br> TDCJ-CID No. 430411, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JACKLYN McNEIL, THERESA HENDRICK, § <br> and JAMES SUTTERFIELD, § <br> § <br> Defendants. § | 2:09-CV-0133 |

## REPORT AND RECOMMENDATION

Plaintiff SYLVESTER EUGENE WILLIAMS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit on the form promulgated for prisoner use for claims under Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been given permission to proceed in accordance with Title 28, United States Code, section 1915(b). Plaintiff has also attached a hand-printed complaint re-alleging claims under Title 42, United States Code, Section 1983 and briefly referencing the Americans with Disabilities Act in the title of the document.

Plaintiff, a PAMIO patient, alleges he was demoted from red level to blue level on or about March 9, 2009 because of a disciplinary case he received. PAMIO is an acronym for Program for the Aggressive Mentally Ill Offender. This is a special treatment program offered at the Clements Unit and designed to be an alternative to administrative segregation for the aggressive mentally ill offender who does not benefit from traditional programs for the mentally ill offender. Its goals are to provide mental health treatment and control the inmate's behavior while he is incarcerated and to provide therapeutic experiences to reduce the likelihood that he will behave aggressively after

release. Ascending levels in the PAMIO treatment program involve progressively greater privileges. Plaintiff states he was demoted one more level, to brown, by the Treatment Team for the same disciplinary case.

Plaintiff alleges PAMIO Policy requires that all disciplinary reports on a patient be screened by mental health personnel before the infraction is graded but that it was not done in this case. He says he was punished initially by commissary and recreation restriction and the first level demotion. When he sought to have the case expunged by defendant Dr. SUTTERFIELD, claiming temporary psychosis, he was referred for another Treatment Team review and received the second demotion on March 31, 2009, based upon the recommendation of defendant McNEIL, the pod Psychologist. Plaintiff says defendant McNEIL tells all her patients she doesn't lift cases and, therefore punished plaintiff for his efforts to get the case lifted by her supervisor.

Plaintiff complains this caused him to suffer stress, psychological duress, mental and emotional anguish in violation of his Eighth Amendment protection against cruel and unusual punishment. Plaintiff also claims this violated his First Amendment right to petition for redress of grievance and Fourteenth Amendment right to due process, as well as Double Jeopardy, and was retaliatory. Lastly, plaintiff claims that allowing security staff to process the incident without evaluating the patient's current mental health condition showed deliberate indifference to plaintiff's mental health needs.

On his Civil Rights Complaint form, plaintiff requests restoration of his blue level, that it be back-dated to his "next appropriate level," that he be awarded "permenate [sic] injunction relief," and compensatory damages of $5,000.00 for mental anguish.

On his hand-printed complaint, plaintiff requests a temporary restraining order and preliminary injunction, $500.00 compensatory damages, $500.00 punitive damages, and costs.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**Section 1983 Claims**

To the extent plaintiff sues defendants in their official capacities, the principle of state-sovereign immunity generally precludes actions against state officers in their official capacities, *see*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of Spears should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

*Edelman v. Jordan,* 415 U.S. 651, 663-69, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), subject to an established exception: the *Ex parte Young* doctrine. Under *Ex parte Young,* "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Although plaintiff has requested a T.R.O. and Preliminary Injunction, he does not state what the substance of the requested restraining order or injunction would be, *i.e.*, expunction of the disciplinary case which triggered the events giving rise to this suit or some other matter. Without more, plaintiff has failed to state a claim for injunctive relief which falls within the *Ex parte Young* exception.

Plaintiff claims his second level demotion within the PAMIO treatment program was retaliatory, a violation of Double Jeopardy and Due Process, and a violation of his First Amendment right to petition for redress, but plaintiff has alleged no fact showing anything done by defendant McNEIL or defendant SUTTERFIELD was retaliation for, or prevented plaintiff from, appealing a disciplinary case through the grievance process. As plaintiff's own allegations make clear, his level demotions in the PAMIO treatment program were not punishment resulting from a disciplinary hearing and determination of guilt but were therapeutic decisions made by the Treatment Team. Therefore, the second level demotion did not violate plaintiff's right to petition for redress nor was it retaliatory for plaintiff's exercise of that right.

Further, the second level demotion was for conduct distinctly separate from that leading to the first level demotion, plaintiff's refusal to accept and cooperate with the earlier therapeutic decision to lower his program level. Plaintiff had already been instructed by defendant McNEIL that she would not "lift" disciplinary cases, that is, she would not shield an inmate in the program from

the normal processing of a disciplinary case. Plaintiff's second level demotion within the program was not a classification change resulting from a disciplinary hearing but reflected a therapeutic decision by defendants McNEIL and SUTTERFIELD, both trained mental health care providers, and the Treatment Team. The second level demotion, being a therapeutic decision, cannot provide a basis for a Double Jeopardy challenge.

Plaintiff also contends he should have been interviewed for assessment before the disciplinary case was graded for disciplinary hearing and the failure to do so violated the PAMIO Program regulations and his right to Due Process. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right in the enforcement of prison rules or regulations, per se. The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff has failed to state a Due Process claim on which relief can be granted.

To the extent plaintiff sues defendants in their individual capacities for monetary relief, the only harm plaintiff has alleged is "stress, psychological duress, mental and emotional anguish." The Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages. 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a

prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff has alleged no physical injury to support his request for monetary relief.

As to plaintiff's claim that allowing security staff to process the disciplinary case without evaluating plaintiff's current mental health condition showed deliberate indifference to plaintiff's mental health needs, at most, this allegation states a claim of negligence, if that. Neither this allegation nor plaintiff's claimed resulting stress and mental anguish show a violation of plaintiff's Eighth Amendment protection against cruel and unusual punishment.

Plaintiff's civil rights claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**A.D.A. Claims**

Title II of the Americans with Disabilities Act (ADA), Title 42, United States Code, section 12132, prohibits discrimination against a qualified individual with a disability in "services, programs, or activities of a public entity" by reason of that disability. To state a claim under the A.D.A., plaintiff must allege that (1) he is a qualified individual (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, and (3) that the exclusion, denial, or discrimination was because of his disability. Despite his reference to the A.D.A. in the title of his hand-printed complaint, it does not appear plaintiff has alleged facts which will support any claim under this statute.

## CONCLUSION

For the reasons set forth above, and pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil

Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, and pursuant to Title 42, United States Code, section 12132 by plaintiff SYLVESTER EUGENE WILLIAMS be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of July 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services*

*Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).